IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 15-94 |
| | ) | |
| LEIGH FIUMARA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Fiumara filed a sealed motion to modify the conditions of her probation to waive her duty to disclose her criminal conviction to her employer (ECF No. 46). The government filed a response in opposition to the motion (ECF No. 50). On November 16, 2017, the court held a hearing on the motion in open court and it is ripe for decision.

Factual Background

Fiumara pleaded guilty to obstruction of justice involving a DEA investigation into the over-prescription and resale of opioid pain medications. She did not object to the statement that she was a "known prescription pill user and supplier." After DEA agents approached her to assist in the investigation, she informed the targets and their customers about the investigation. She was sentenced on September 13, 2016 to a four-year term of probation, with conditions, including a duty to notify third parties of risks that may be occasioned by her criminal record or personal history or characteristics. *See* Judgment (ECF No. 41).

Fiumara admitted to using heroin six to ten times in the six months while awaiting sentencing. Fiumara characterized her use as "recreational" and she "just stopped" because it

was not a problem. She tested positive for marijuana one time while on probation in the fall of 2016. Fiumara is prescribed the opioid medication oxycodone, which she takes four times per day for back pain.

Fiumara is a certified nursing assistant ("CNA").[1] Since 2002, she has worked as a caregiver to those needing end-of-life (i.e., hospice) care. She performs activities of daily life ("ADLs"), such as bathing, feeding and dressing. She does not administer or handle medications. On April 10, 2017, she began working at Gateway Hospice ("Gateway"). Gateway's application form did not require her to disclose her conviction[2] or drug use. She did not inform Gateway about her criminal conviction or use of heroin or oxycodone.

The job is essential to provide income for her family and two minor children. She works forty hours and five days per week. Fiumara sees approximately five patients each day in hospice facilities in which medications are locked up. Fiumara sees a sixth patient every day in his home, in which family members are usually present. Fiumara sees a seventh patient once a week in his home, where he lives alone, although sometimes family members are there. Fiumara admits that she would have access to pain medications in the home. Other nurses, however, are responsible to administer, monitor and order the medications.

---

[1] There is no automatic bar to employment as a CNA based on Fiumara's criminal history. The biennial requirement to register as a CNA in Pennsylvania does not require registrants to disclose newly obtained criminal convictions. (Joint Notice, ECF No. 51).

[2] Gateway's form required disclosure of various drug convictions, but Fiumara was convicted of obstruction of justice. (Gateway Hospice online application, available at http://www.jotform.us/form/70254363070145).

The probation office determined that Fiumara presents a risk to Gateway and its patients and instructed her to notify Gateway of her conviction and the circumstances that led to the conviction. This motion followed.

Legal Analysis

Fiumara contends that forcing her to notify Gateway would constitute an improper "occupational restriction," citing *United States v. Souser*, 405 F.3d 1162, 1164-68 (10th Cir. 2005) (holding that a probation office policy requiring reporting in every case was improper and remanding for individualized findings about whether reporting was reasonably necessary in that particular case). Fiumara is concerned that notification would jeopardize her employment with Gateway. She points out that the offense of conviction did not involve her employment and there are no allegations that she abused her role as a CNA. Fiumara asks the court to impose a set of conditions, such as regular drug testing and outpatient treatment, to mitigate any risks posed by her employment.

Fiumara also cites to United States Sentencing Guideline § 5F1.5, which provides:

(a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:

    (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

    (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

(b) If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or

> profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.

The government points out, correctly, that the Third Circuit Court of Appeals has not ruled on whether notification constitutes an "occupational restriction." The government argues that the court need not reach the theoretical issue of whether notification can ever constitute an improper occupation restriction because, in this case, the restriction is clearly reasonable. The government reasons that her current employment with Gateway, which requires her to provide hospice care in homes, provides Fiumara ready access to the very substances she illegally obtained and distributed. Title 18 U.S.C. § 3563(b)(5) authorizes the court to "provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant-- . . . (5) refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances."

There is a reasonably direct relationship between Fiumara's criminal conduct (illegally using, obtaining and distributing opioids) and her current occupation at Gateway (which provides her relatively unsupervised access to opioids in patients' homes). Notification may not be necessary if Fiumara worked only in an institutional setting in which she had no access to drugs. Because she can obtain opioids in the patients' homes, however, Fiumara's background and characteristics present risks to Gateway, her patients, and Fiumara herself. By definition, her hospice patients are in the end stages of life, are generally elderly, require assistance with the

4

basic activities of daily life, and are dependent upon skilled nursing care. The risk presented is that Fiumara might take her patients' opioid medications for her own use (or for resale), and the patients would suffer pain until the diversion was discovered. Fiumara's prior distribution of opioids and her admitted, recent use of heroin six to ten times after her conviction in this case, are particularly troubling.

Requiring Fiumara to notify Gateway under these circumstances is warranted. Fiumara may still maintain employment if she works in a setting where she is unable to access opioids.[3] Since her present employment with Gateway provides her access to opioids, Gateway should be notified of the risk identified here.

Conclusion

Fiumara's motion to modify the conditions of her probation to waive her duty to disclose her criminal conviction to her employer (ECF No. 46) is DENIED. Fiumara or the probation officer shall immediately notify Gateway about Fiumara's conviction and opioid use. An appropriate order follows.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

[3] The government suggests that Fiumara serve only patients in facilities in which medications are secured. Fiumara asserts that she is unable to work full-time in an institutional setting due to her back condition, but that limitation is unrelated to the issue whether she must notify Gateway.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 15-94 |
| | ) | |
| LEIGH FIUMARA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, on this 28th day of November, 2017, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that Fiumara's motion to modify the conditions of her probation to waive her duty to disclose her criminal conviction to her employer (ECF No. 46) is DENIED. Fiumara or the probation officer shall immediately notify Gateway about Fiumara's conviction and opioid use.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge